UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NUMBER 2003-68-(WOB)

| | |
|---|---|
| SHANNON HUDSON<br>269 GREENLAWN AVENUE<br>FLORENCE, KENTUCKY 41042<br><br>      Plaintiff<br><br>v.<br><br>REMKE MARKETS INCORPORATED<br><u>Agent for Service of Process</u>:<br>DENNIS J. FRANCIS<br>812 RUSSELL STREET<br>COVINGTON, KY 41011 | COMPLAINT<br>WITH JURY DEMAND |

Comes now the Plaintiff, **SHANNON HUDSON**, by and through counsel, for his Complaint for relief against the Defendant states as follows:

### JURISDICTIONAL ALLEGATIONS

1. That Plaintiff, **SHANNON HUDSON**, is an individual who resides in Boone County, Kentucky, and at all times relevant hereto, was employed by the Defendant, **REMKE MARKETS INCORPORATED**.

2. That Defendant was and is a corporation doing business in the State of Kentucky.

3. That Plaintiff was an agent of Defendant.

4. That service of process shall be served upon **DENNIS J. FRANCIS**, acting as an agent for Defendant.

5. That all of the wrongful acts which Defendant is alleged to have committed originated in Campbell County, Kentucky and Kenton County, Kentucky.

6. That Plaintiff is an employee within the meaning of 29 U.S.C. § 2611.

7. That Defendant is an employer within the meaning of 29 U.S.C. § 2611.

8. That Defendant is engaged in commerce within the meaning of 29 U.S.C. § 2611.

9. That jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

10. That at all time relevant hereto, the Defendant has been conducting business in the counties of Campbell and Kenton in the State of Kentucky, which is located in the Eastern District of Kentucky Covington Division on a continuous basis.

11. That at all time relevant hereto, Defendants acted by and through its agents, servants, or employees who were acting within the scope of their employment.

12. That venue lies in this District under 28 U.S.C. § 1391(b) as the majority of Defendants discriminatory acts occurred in Campbell County and Kenton County in the Eastern District of Kentucky.

## COUNT ONE
## INTERFERENCE WITH
## FAMILY MEDICAL LEAVE
## 29 U.S.C. § 2615

13. That the Plaintiff reiterates, realleges, and incorporates by reference each allegation contained in paragraphs 1-12 in this complaint as though rewritten verbatim herein.

14. That Plaintiff was hired by Defendant in September of 2001.

15. That at the time of her termination, Plaintiff was employed as a Deli Worker for the Defendant in Campbell County, Kentucky.

16. That Plaintiff was employed by the Defendant for one (1) year prior to the Defendant's decision to discharge the Plaintiff.

17. That Plaintiff worked in excess of 1250 hours in the year prior to the decision of the Defendant to discharge the Plaintiff.

18. That Plaintiff was scheduled to have a Hysterectomy on October 29, 2002.

19. That on August 28, 2002, Plaintiff gave notice to the Defendant that she would be requesting time off for her Hysterectomy.

20. That on October 18, 2002, Plaintiff fell ill to a bladder infection and acute bronchitis.

21. That on October 29, 2002, Plaintiff went to the Hospital to have her Hysterectomy and was told by her doctor that due to her bronchitis and bladder infection her Hysterectomy would be rescheduled for November 7, 2002.

22. That when Plaintiff informed her Supervisor, Adam Noll, of the rescheduling of her Hysterectomy, Mr. Noll informed Plaintiff that she had been terminated.

23. That Plaintiff's termination was effective October 13, 2002.

24. That since Plaintiff first learned she would need a Hysterectomy, Plaintiff continuously informed her Supervisor, Adam Noll, of any developments that pertained to her health.

25. That Plaintiff gave sufficient notice to make Defendant aware that Plaintiff needed FMLA-qualifying leave.

26. That Defendant interfered with Plaintiff's rights under FMLA.

27. That Defendant restrained Plaintiff's exercise of her rights under FMLA.

28. That Defendant denied the exercise of Plaintiff's rights under FMLA.

29. That Defendant denied Plaintiff's attempt to exercise her rights under FMLA.

30. That Defendant discriminated against Plaintiff vis-à-vis employees who did not or have not taken leave.

31. That Defendant, rather than comply with FMLA, instead terminated Plaintiff.

32. That Plaintiff has been damaged by Defendant's violation of FMLA.

33. That Plaintiff is entitled to her lost income, including benefits, plus an equal amount as liquidated damages, prejudgment interest on all unpaid compensation, and any actual monetary loss. Plaintiff's economic loss is continuing in an amount to be proved at trial.

34. That Plaintiff is entitled to award of reasonable attorney fees and costs including expert witness fees.

**WHEREFORE**, Plaintiff prays as follows:

A. For a judgment in a fair and reasonable amount against the Defendant for damages suffered by the Plaintiff;

B. For a trial by jury;

C. For future lost wages and consequential damages;

D. For liquidated damages;

E. For pre and post judgment interest at twelve percent (12%);

F. For punitive damages;

G. For reasonable attorney fees; and

  H. For any and all other relief to which the Plaintiff may be entitled.

        Respectfully Submitted,

        BUSALD FUNK ZEVELY, P.S.C.

        By: _____

        **GAIL M. LANGENDORF, ESQ., KBA # 0065677**
        Attorney for Plaintiff
        226 Main Street
        Florence, Kentucky  41022-6910
        (859) 371-3600